DUCKER, JUDGE:
John Moore, who resides on State Route 65 and conducts a used car business on said Route, in the vicinity of his residence also located closely thereby on said Route, as it parallels Trace Fork of Island Creek between Logan and Holden in Logan County, West Virginia, claims damages in the amount of $416.38 allegedly caused by a West Virginia National Guard army truck operated by the respondent forcing accumulated flood water from the highway against the doors of the business building of the claimant, breaking the doors and glass sections thereof.
The evidence is to the effect that on and about January 10th, 1974, the Guyandotte River was in flood stage and the water therefrom had backed up into Trace Fork, a tributary thereof, and had covered a distance of approximately 450 feet on Route 65 adjacent to the business buildings of the claimant, which flooded part of the road reached a depth of approximately three and a half feet at its deepest part and eighteen to twenty inches at the claimant’s buildings at the time the damage was inflicted. Between 11:00 p.m. and midnight on January 11th, an army two and a half ton truck, which had been dispatched to the area to evacuate some persons from the flood, was driven through that portion of Route 65 adjacent to claimant’s property forcing the flood water against the claimant’s garage doors and the glass portions thereof. The testimony of the son of the claimant, who was called by his father to help clean up the property as the water was receding, was to the effect that he was there when the truck *94 went through the water and that he saw the water break the doors, and that the truck was traveling thirty to thiry-five miles an hour, but his testimony was contradicted by Capt. Noble Lanham who stated that he did not believe that the truck in question “would be capable of going through three or three and a half feet of water at speeds of thirty to thirty-five miles an hour” but “it could go through the water but not nearly at that speed”. Reports of the investigation made by the respondent indicated that the driver said he was traveling about two miles an hour, and that the Department had not considered there was negligence in the matter.
The army truck was headed south on the highway and after having left a part of the road which was not flooded entered the water covered roadway approximately one hundred fifty to one hundred seventy-five feet before reaching a point adjacent to the claimant’s property, which makes it seem reasonable for the son’s testimony as to speed that some greater speed could have been developed before reaching the water, thereby effecting an increased impact with the water and the resulting water impact with the doors of claimant’s buildings. Here we have the testimony of claimant’s son who was on the scene and saw the damage inflicted, and his testimony is not contradicted by any other witness, but only in a department report to the effect that the truck was traveling at a rate of two miles an hour, which at that rate of speed could not have caused an impact on the water sufficient to cause the damage alleged. Such reported statement is not sufficient to overcome the claimant’s evidence in that regard.
We are of the opinion that the respondent’s truck was negligently operated and the damages suffered by claimant are the result of such negligence, and we, therefore, award the claimant the sum of $416.38.
Award of $416.38.